UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| WILLIAM E. HARRIS, III, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO.   2:20-cv-48 |
| | ) | |
| CAROL ROSE HARRIS and FIRST | ) | |
| FARMERS BANK & TRUST CO., | ) | |
| | ) | |
| Defendants | ) | |

## COMPLAINT

### Allegations Common to all Counts

Plaintiff, William E. Harris, III, by his counsel, and for his cause of action against the defendants, Carol Rose Harris and First Farmers Bank & Trust Co., states as follows:

1. That the plaintiff, William E. Harris, III, is domiciled in and a resident of the State of Minnesota.

2. That the defendant, Carol Rose Harris, was formerly domiciled in and a resident of Sullivan County, Indiana, and is now believed to be a resident of the State of Texas.

3. That the defendant, First Farmers Bank & Trust Co., (hereinafter "First Farmers") is a domestic Indiana state commercial bank, having its principal place of business located in Converse, Indiana.  First Farmers operates a number of bank branches in the State of Indiana, including a branch bank located at 32 South Court Street, Sullivan, Indiana.

4. That this Court has subject matter jurisdiction over this action pursuant to 28

1

U.S.C. §1332 because there is a complete diversity of citizenship between the parties and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

5. That the venue for this matter lies in this District and Division, as the events, circumstances and/or omissions giving rise to the plaintiff's claims, occurred in Sullivan County, Indiana.

6. That the plaintiff, William E. Harris, III, is the son of William E. Harris, Jr. William E. Harris, Jr. was a Sullivan County farmer who retired and sold his farm in the early 2000s. William E. Harris, Jr. passed away on August 28, 2019, while domiciled in Sullivan County, Indiana, and at the time of his death was eighty-three (83) years of age.

7. That at the time of William E. Harris, Jr.'s death, he was married to the defendant, Carol Rose Harris. William E. Harris, Jr. and Carol Rose Harris were married in 2001, and had no children together.

8. That William E. Harris, Jr. conducted the vast majority of his banking business with the Sullivan, Indiana branch of First Farmers.

9. That on March 11, 2016, William E. Harris, Jr. opened a 36 month Relationship Certificate of Deposit with First Farmers in the amount of Seventy-Two Thousand Dollars ($72,000.00). Further, that this CD designated William E. Harris, Jr., as the individual owner of this account and further named his son, the plaintiff, William E. Harris, III, as the Pay-On-Death beneficiary. This CD is identified as First Farmers Account No. 77527 and a true and accurate copy thereof is attached hereto and marked as Exhibit A.

10. That on September 8, 2016, William E. Harris, Jr. opened a second 36 month

Certificate of Deposit with First Farmers in the amount of One Hundred Twenty-Five Thousand Dollars ($125,000.00). Pursuant to the terms of that CD, William E. Harris, Jr. was the individual owner thereof and his son, the plaintiff, William E. Harris, III, was named as the Pay-on-Death beneficiary thereof. This CD is identified as First Farmers Account No. 78827 and a true and accurate copy thereof is attached hereto as Exhibit B.

11. That at the time William E. Harris, Jr. opened First Farmers CD Accounts No. 77527 and 78827, he did so as a part of his estate plan to provide that the proceeds of said Accounts would be transferred to the plaintiff, William E. Harris, III, upon the death of William E. Harris, Jr. Other estate planning provisions were made by William E. Harris, Jr., for his wife, Carol Rose Harris.

12. That during the latter part of 2018 and early 2019, the mental and physical health and condition of William E. Harris, Jr. declined substantially. By 2019, William E. Harris, Jr. suffered from various medical conditions including malignant neoplasm of the colon (Stage 4) and the liver, chronic kidney disease, atherosclerotic heart disease, Type 2 diabetes mellitus and anxiety disorder. At the relevant times addressed below, William E. Harris Jr. was mentally and physically incompetent and incapacitated to handle his business and financial affairs.

13. That in February of 2019, William E. Harris, Jr., underwent emergency surgery for an aortic aneurysm, and was hospitalized. On March 1, 2019, William E. Harris, Jr. was transferred to the Cobblestone Crossing's Health Campus, a nursing home located in Vigo County, Indiana. William E. Harris, Jr. remained as an inpatient at Cobblestone until March 19, 2019. Thereafter, William E. Harris, Jr. was hospitalized and then readmitted to the Cobblestone nursing home on July 16, 2019, and remained at the nursing home until the time of his death.

14. That by March of 2019, it was known by defendant, Carol Rose Harris, that William E. Harris, Jr., suffered from a terminal condition, and that he lacked the capacity and competency to undertake any financial and/or banking transactions.

15. That at no point, including the year 2019, and up to the date of his death, was there a valid durable power of attorney in existence for William E. Harris, Jr., naming an attorney-in-fact to act on his behalf as to his financial and banking affairs. Further, that at no time was William E. Harris, Jr. the subject of any sort of guardianship or conservatorship or protective proceeding in the Courts of the State of Indiana, or elsewhere.

16. That on or about March 14, 2019 - - and while William E. Harris, Jr. was a patient of the Cobblestone nursing home - - his First Farmers CD Account No. 77527 was closed out and all proceeds of said account were withdrawn and transferred to a checking account controlled by defendant, Carol Rose Harris. William E. Harris, Jr. purportedly signed for the closing of the account and the withdrawal of the funds from said CD, which signature is contained at the bottom right-hand corner of Exhibit A. However, said signature is not believed to be the actual signature of William E. Harris, Jr.

17. That on or about July 23, 2019 - - and while William E. Harris, Jr. was a patient of the Cobblestone nursing home - - his First Farmers CD Account No. 78827 was closed out and all proceeds of said account were withdrawn and transferred to a checking account controlled by defendant, Carol Rose Harris. William E. Harris, Jr. purportedly signed for the closing of the account and the withdrawal of the funds from said CD, which signature is contained at the bottom right-hand corner of Exhibit B. However, said signature is not believed to be the actual signature of William E. Harris, Jr.

18. That there existed no rational or sensible basis or reason for the withdrawal and closing of the First Farmers CD Accounts No. 77527 and 78827, as William E. Harris, Jr. had other accounts and assets which were more than sufficient to pay for his long term care and other current and future obligations.

### Count I - Undue Influence, Fraud and Duress

19. That plaintiff, William E. Harris, III., incorporates by reference all of the allegations contained within rhetorical paragraphs 1 through 18 of this Complaint, as if fully set forth herein.

20. That by 2019, defendant, Carol Rose Harris had knowledge of William E. Harris, Jr.'s physical and mental condition and his lack of competence and was further aware that if the First Farmers CD Accounts No. 77527 and 78827 remained open at the time of William E. Harris Jr.'s death, then the proceeds from both such Accounts would go to plaintiff, William E. Harris, III, pursuant to his designation as a Pay-On-Death beneficiary of each account.

21. That by 2019, defendant, Carol Rose Harris, exercised a dominant relationship over William E. Harris, Jr. in that he was primarily dependent upon her for all assistance not otherwise provided by the nursing home.

22. That defendant, Carol Rose Harris, either through exercise of her dominate relationship with William E. Harris, Jr., through her undue influence, fraud, forgery and/or duress, caused the transfer of the funds held in the First Farmers CD Accounts No. 77527 and 78827 to be transferred to her own control and eventual outright ownership.

23. That as a proximate result of Carol Rose Harris' exercise of undue influence, fraud, forgery and/or duress regarding the First Farmers CD Accounts, plaintiff, William E.

Harris, III has been damaged.

## Count II - Mistake and Lack of Competency

24. Plaintiff, William E. Harris, III, incorporates by reference all of the allegations contained within rhetorical paragraphs 1 through 23, as if fully set forth herein.

24. That if in fact William E. Harris, Jr. executed the withdrawal documents for the First Farmers CD Accounts No. 77527 and 78827, attached hereto, said William E. Harris, Jr. did not understand the effect the same would have on his estate plan which was to leave the proceeds of said CD Accounts to his son, William E. Harris, III.

25. That in executing the withdrawal documents for the First Famers CD Accounts, William E. Harris, Jr. was mistakenly led to believe by Carol Rose Harris and/or representatives of First Farmers that the funds contained within said CD Accounts were needed for his continued medical care and upkeep, or was otherwise misled.

26. That at the time William E. Harris, Jr. executed the withdrawal documents for First Farmers CD Accounts N. 77527 and 78827, he lacked the requisite competency to execute same.

## Count III - Claims for Negligence Against First Farmers Bank & Trust Co.

27. Plaintiff, William E. Harris, III, incorporates by reference all of the allegations contained within rhetorical paragraphs 1 through 26, as if fully set out herein.

28. That First Farmers owed a duty of care to William E. Harris, Jr. to exercise ordinary care in the administration of the First Farmers CD Accounts No. 77527 and 78827. Further, that this duty extended to plaintiff, William E. Harris, III, the Pay-on-Death beneficiary of said accounts.

29. That the defendant, First Farmers, breached its duties in one or more of the following ways:

    a. In failing to comply with its own policies and procedures and well-established standards in the banking industry to verify the accuracy and the validity of the withdrawal instructions and/or the withdrawal signature for and upon the CDs;

    b. In failing to determine if William Edward Harris Jr. possessed the sufficient competency and capacity required to make a decision regarding the closing of the CD Account Nos. 77527 and 78827 and the withdrawal of the funds contained therein;

    c. In failing to require the instructions of a validly appointed attorney-in-fact under a durable power of attorney, or the appointment of a guardian and/or a Court order before closing said CD Account Nos. 77527 and 78827 and placing such funds under the control of defendant, Carol Rose Harris; and

    d. In proceeding with the withdrawal of funds from CD Account Nos. 77527 and 78827, when it knew or should have reasonably known that William E. Harris, Jr. was under duress, was being unduly influenced and/or lacked the capacity to execute the withdrawal documents and/or undertake the closing of said accounts.

30. That as a proximate result of the negligent act and omissions of First Farmers, plaintiff, William E. Harris, III, has been damaged.

## Count IV - Breach of Contract by First Farmers

31. Plaintiff, William E. Harris, III, incorporates by reference all of the allegations contained within rhetorical paragraphs 1 through 30, as if fully set forth herein.

32. That First Farmers CD Accounts No. 77527 and 78827 constituted a contract by and between First Farmers and William E. Harris, Jr. Further, that plaintiff, William E. Harris, III, is and was a third party beneficiary thereto as the Pay-on-Death beneficiary for said CDs.

33. That First Farmers breached its contractual duties and obligations owed to William E. Harris, Jr., and therefore to the third party beneficiary, William E. Harris, III, which breaches include, but are not limited to, the closing of said CD Accounts and the withdrawal of funds therefrom, without properly verifying the withdrawal instructions and/or signatures, without requiring instructions from a validly appointed attorney-in-fact or guardian, and in doing so when the account holder, William E. Harris, Jr. lacked the competency to undertake such transactions.

34. That as a result of the breaches of contract by First Farmers, plaintiff, William E. Harris, III, as third party beneficiary, has been damaged.

WHEREFORE, plaintiff, William E. Harris, III, by counsel, respectfully requests judgment be entered in his favor and against the defendants, Carol Rose Harris and First Farmers Bank & Trust Co., in an amount that will fully and fairly compensate plaintiff for the damages which he has incurred, and for all other relief just and proper in the premises.

HASSLER KONDRAS MILLER LLP

By    /s/ Mark D. Hassler
      Mark D. Hassler
     Attorney No. 8102-84

## JURY DEMAND

Comes now the plaintiff, William E. Harris, III, by his counsel, and requests that this matter be tried in all respects by a jury.

HASSLER KONDRAS MILLER LLP


By     /s/ Mark D. Hassler
        Mark D. Hassler
       Attorney No. 8102-84

100 Cherry Street
Terre Haute, IN 47807
(812) 232-9691
hassler@hkmlawfirm.com