IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| WILLIAM E. HARRIS, III,<br><br>        Plaintiff,<br><br>v.<br><br>CAROL ROSE HARRIS and FIRST FARMERS BANK & TRUST CO.,<br><br>        Defendants. | Case No. 2:20-cv-00048-JMS-MJD |

**FIRST FARMERS BANK & TRUST CO.'S**
**ANSWER TO COMPLAINT**

Defendant, First Farmers Bank & Trust Co. (hereinafter "Defendant" or "First Farmers"), by counsel, hereby answers the Complaint filed by Plaintiff, William E. Harris, III, and states as follows:

1. That the plaintiff, William E. Harris, III, is domiciled in and a resident of the State of Minnesota.

**ANSWER: Defendant is without knowledge sufficient to admit or deny Paragraph 1.**

2. That the defendant, Carol Rose Harris, was formerly domiciled in and a resident of Sullivan County, Indiana, and is now believed to be a resident of the State of Texas.

**ANSWER: Defendant is without knowledge sufficient to admit or deny Paragraph 2.**

3. That the defendant, First Farmers Bank & Trust Co., (hereinafter "First Farmers") is a domestic Indiana state commercial bank, having its principal place of business located in Converse, Indiana. First Farmers operates a number of bank branches in the State of Indiana, including a branch bank located at 32 South Court Street, Sullivan, Indiana.

**ANSWER: Defendant admits the allegations in Paragraph 3.**

4. That this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is a complete diversity of citizenship between the parties and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

**ANSWER: Paragraph 4 contains conclusions of law to which no response is required. To the extent Paragraph 4 makes specific allegations against First Farmers, said allegations are denied. Defendant admits, however, that this Court has jurisdiction over the subject matter of this Complaint.**

5. That the venue for this matter lies in the District and Division, as the events, circumstances and/or omissions giving rise to the plaintiff's claims, occurred in Sullivan County, Indiana.

**ANSWER: Paragraph 5 contains conclusions of law to which no response is required. To the extent Paragraph 5 makes specific allegations against First Farmers, said allegations are denied. Defendant admits, however, that venue is proper in this Court.**

6. That the plaintiff, William E. Harris, III, is the son of William E. Harris, Jr. William E. Harris, Jr. was a Sullivan County farmer who retired and sold his farm in the early 2000s. William E. Harris, Jr. passed away on August 28, 2019, while domiciled in Sullivan County, Indiana, and at the time of his death was eighty-three (83) years of age.

**ANSWER: Defendant is without knowledge sufficient to admit or deny that "William E. Harris Jr. was a Sullivan County farmer who retired and sold his farm in the early 2000s." Defendant admits that William E. Harris Jr. passed away on August 28, 2019 at the age of 83, while domiciled in Sullivan County.**

7. That at the time of William E. Harris, Jr.'s death, he was married to the defendant, Carol Rose Harris. William E. Harris, Jr. and Carol Rose Harris were married in 2001, and had no children together.

**ANSWER: Defendant admits that William E. Harris, Jr. was married to Carol Rose Harris at the time of his death. Defendant is without knowledge sufficient to form a belief regarding the date of William E. Harris, Jr. and Carol Rose Harris's marriage. Defendant admits that William E. Harris, Jr. and Carol Rose Harris had no children together.**

8. That William E. Harris, Jr. conducted the vast majority of his banking business with the Sullivan, Indiana branch of First Farmers.

**ANSWER: Defendant is without knowledge sufficient to form a belief regarding where William E. Harris, Jr. "conducted the vast majority of his banking business" and, therefore, denies the allegations in Paragraph 8.**

9. That on March 11, 2016, William E. Harris, Jr. opened a 36 month Relationship Certificate of Deposit with First Farmers in the amount of Seventy-Two Thousand Dollars ($72,000.00). Further, that this CD designed William E. Harris, Jr., as the individual owner of this account and further named his son, the plaintiff, William E. Harris, III, as the Pay-On-Death beneficiary. This CD is identified as First Farmers Account No. 77527 and a true and accurate copy thereof is attached hereto and marked as Exhibit A.

**ANSWER: Defendant admits that on March 11, 2016, William E. Harris, Jr. opened Account 77527, a 36-month Certificate of Deposit with First Farmers in the amount of Seventy-Two Thousand Dollars ($72,000.00). In response to Paragraph 9, Defendant avers that the Certificate of Deposit referred to in Paragraph 9 and attached to the Complaint as Exhibit A speaks for itself. To the extent the allegations in Paragraph 9 conflict with the Certificate of Deposit, said allegations are denied.**

10. That on September 8, 2016, William E. Harris, Jr. opened a second 36 month Certificate of Deposit with First Farmers in the amount of One Hundred Twenty-Five Thousand Dollars ($125,000.00). Pursuant to the terms of that CD, William E. Harris, Jr. was the individual owner thereof and his son, the plaintiff,

4

William E. Harris, III, was named as the Pay-On-Death beneficiary thereof. This CD is identified as First Farmers Account No. 78827 and a true and accurate copy thereof is attached hereto as Exhibit B.

**ANSWER: Defendant admits that on September 8, 2016, William E. Harris, Jr. opened Account 78827, a 36-month Certificate of Deposit with First Farmers in the amount of One Hundred Twenty-Five Thousand Dollars ($125,000). In response to Paragraph 10, Defendant avers that the Certificate of Deposit referred to in Paragraph 10 and attached to the Complaint as Exhibit B, speaks for itself. To the extent the allegations in Paragraph 10 conflict with the Certificate of Deposit, said allegations are denied.**

11. That at the time William E. Harris, Jr. opened First Farmers CD Account Nos. 77527 and 78827, he did so as a part of his estate plan to provide that all the proceeds of said Accounts would be transferred to the plaintiff, William E. Harris, III, upon the death of William E. Harris, Jr. Other estate planning provisions were made by William E. Harris, Jr., for his wife, Carol Rose Harris.

**ANSWER: Defendant is without knowledge sufficient to form a belief regarding the allegations in Paragraph 11 and denies the allegations.**

12. That during the latter part of 2018 and early 2019, the mental and physical health and condition of William E. Harris, Jr. declined substantially. By 2019, William E. Harris, Jr. suffered from various medical conditions including malignant neoplasm of the colon (Stage 4) and the liver, chronic kidney disease, ather-

5

osclerotic heart disease, Type 2 diabetes mellitus and anxiety disorder. At the relevant times addressed below, William E. Harris, Jr. was mentally and physically incompetent and incapacitated to handle his business and financial affairs.

**ANSWER: Defendant is without knowledge sufficient to form a belief regarding William E. Harris, Jr.'s physical condition alleged in Paragraph 12. Defendant avers that William E. Harris, Jr. appeared mentally competent in his interactions with Defendant and, to the extent the allegations regarding William E. Harris, Jr.'s mental capacity apply to his interactions with Defendant, they are denied.**

13. That in February of 2019, William E. Harris, Jr., underwent emergency surgery for an aortic aneurysm, and was hospitalized. On March 1, 2019, William E. Harris, Jr. was transferred to the Cobblestone Crossing's Health Campus, a nursing home located in Vigo County, Indiana. William E. Harris, Jr. remained as in inpatient at Cobblestone until March 19, 2019. Thereafter, William E. Harris, Jr. was hospitalized and then readmitted to the Cobblestone nursing home on July 16, 2019, and remained at the nursing home until the time of his death.

**ANSWER: Defendant is without knowledge sufficient to form a belief regarding the allegations in Paragraph 13 and denies the allegations.**

14. That by March of 2019, it was known by defendant, Carol Rose Harris, that William E. Harris, Jr., suffered from a terminal condition, and that he lacked the capacity and competency to undertake any financial and/or banking transactions.

**ANSWER: Defendant is without knowledge sufficient to either admit or deny the allegations contained in Paragraph 14 because it contains allegations which appear to be directed to defendant Carol Rose Harris, only. To the extent this paragraph contains allegations against First Farmers, Defendant denies the allegations.**

15. That at no point, including the year 2019, and up to the date of his death, was there a valid durable power of attorney in existence for William E. Harris, Jr., naming an attorney-in-fact to act on his behalf as to his financial and banking affairs. Further, that at no time was William E. Harris, Jr. the subject of any sort of guardianship or conservatorship or protective proceeding in the Court of the State of Indiana, or elsewhere.

**ANSWER: Defendant is without knowledge sufficient to form a belief as to the truth of Paragraph 15 and denies the allegations.**

16. That on or about March 14, 2019 – and while William E. Harris, Jr. was a patient of the Cobblestone nursing home – his First Farmers CD Account No. 77527 was closed out and all proceeds of said account were withdrawn and transferred to a checking account controlled by defendant, Carol Rose Harris. William E. Harris, Jr. purportedly signed for the closing of the account and the withdrawal of the funds from said CD, which signature is contained at the bottom right-hand corner of Exhibit A. However, said signature is not believed to be the actual signature of William E. Harris, Jr.

**ANSWER: Defendant is without knowledge sufficient to admit or deny whether William E. Harris, Jr. was a patient of Cobblestone nursing home on March 14, 2019. Defendant admits that William E. Harris, Jr. closed the Certificate of Deposit 77527 on March 14, 2019 and deposited the funds into a joint checking account owned by William E. Harris, Jr. and Carol Rose Harris. Defendant denies each and every other allegation in Paragraph 16.**

17. That on or about July 23, 2019 – and while William E. Harris, Jr. was a patient of the Cobblestone nursing home – his First Farmers CD Account No. 78827 was closed out and all proceeds of said account were withdrawn and transferred to a checking account controlled by defendant, Carol Rose Harris. William E. Harris, Jr. purportedly signed for the closing of the account and the withdrawal of the funds from said CD, which signature is contained at the bottom right-hand corner of Exhibit A. However, said signature is not believed to be the actual signature of William E. Harris, Jr.

**ANSWER: Defendant admits that William E. Harris, Jr. was a patient of Cobblestone nursing home on July 23, 2019. Defendant admits that William E. Harris, Jr. closed the Certificate of Deposit 78827 on July 23, 2019 and the funds were deposited into a joint checking account owned by William E. Harris, Jr. and Carol Rose Harris. Defendant denies each and every other allegation in Paragraph 17.**

18. That there existed no rational or sensible basis or reason for the withdrawal and closing of the First Farmers CD Account Nos. 77527 and 78827, as William E. Harris, Jr. had other accounts and assets which were more than sufficient to pay for his long term care and other current and future obligations.

**ANSWER: Defendant is without knowledge sufficient to form a belief regarding whether "William E. Harris, Jr. had other accounts and assets which were more than sufficient to pay for his long term care and other current and future obligations." Defendant states that Paragraph 18 conflicts with Plaintiff's allegations in Paragraph 8. Defendant denies the allegations in Paragraph 18.**

## Count I – Undue Influence, Fraud and Duress

19. That plaintiff, William E. Harris, III, incorporates by reference all of the allegations contained in rhetorical paragraphs 1 through 18 of this Complaint, as if fully set forth herein.

**ANSWER: Defendant incorporates its answers to Paragraphs 1-18 as if fully restated here.**

20. That by 2019, defendant, Carol Rose Harris had knowledge of William E. Harris, Jr.'s physical and mental condition and his lack of competence and was further aware that if the First Farmers CD Account Nos. 77527 and 78827 remained open at the time of William E. Harris Jr.'s death, then the proceeds from both such Accounts would go to plaintiff, William E. Harris, III, pursuant to the designation as a Pay-On-Death beneficiary of each account.

**ANSWER: Defendant is without knowledge sufficient to either admit or deny the allegations contained in Paragraph 20 because it contains allegations which appear to be directed to defendant Carol Rose Harris, only. To the extent Paragraph 20 contains allegations against First Farmers, Defendant denies the allegations.**

21. That by 2019, defendant, Carol Rose Harris, exercised a dominant relationship over William E. Harris, Jr. in that he was primarily dependent upon her for all assistance not otherwise provided by the nursing home.

**ANSWER: Defendant is without knowledge sufficient to either admit or deny the allegations contained in Paragraph 21 because it contains allegations which appear to be directed to defendant Carol Rose Harris, only. To the extent Paragraph 21 contains allegations against First Farmers, Defendant denies the allegations.**

22. That defendant, Carol Rose Harris, either through exercise of her dominate relationship with William E. Harris, Jr., through her undue influence, fraud, forgery and/or duress, caused the transfer of the funds held in the First Farmers CD Account Nos. 77527 and 78827 to be transferred to her own control and eventual outright ownership.

**ANSWER: Defendant is without knowledge sufficient to either admit or deny the allegations contained in Paragraph 22 because it contains allegations which appear to be directed to defendant Carol Rose Harris,**

only.  To the extent Paragraph 22 contains allegations against First Farmers, Defendant denies the allegations.

23. That as a proximate result of Carol Rose Harris' exercise of undue influence, fraud, forgery and/or duress regarding the First Farmers CD Accounts, plaintiff, William E. Harris, III has been damaged.

**ANSWER: Defendant is without knowledge sufficient to either admit or deny the allegations contained in Paragraph 23 because it contains allegations which appear to be directed to defendant Carol Rose Harris, only.  To the extent Paragraph 23 contains allegations against First Farmers, Defendant denies the allegations.**

## Count II – Mistake and Lack of Competency

24. Plaintiff, William E. Harris, III, incorporates by reference all of the allegations contained within rhetorical paragraphs 1 through 23, as if fully set forth herein.

**ANSWER: Defendant incorporates its answers to Paragraphs 1-23 as if fully restated here.**

24.[1] That if in fact William E. Harris, Jr. executed the withdrawal documents for the First Farmers CD Account Nos. 77527 and 78827, attached hereto, said William E. Harris, Jr. did not understand the effect the same would have on his estate plan which was to leave the proceeds of said CD Accounts to his son, William E. Harris, III.

---

[1] Paragraph mis-numbered in Plaintiff's Complaint.

11

**ANSWER:** **Defendant denies the allegations in Paragraph 24. Defendant avers that William E. Harris, Jr. appeared competent in his interactions with First Farmers.**

That in executing the withdrawal document for the First Farmers CD Accounts, William E. Harris, Jr. was mistakenly led to believe by Carol Rose Harris and/or representatives of First Farmers that the funds contained within said CD Accounts were needed for his continued medical care and upkeep, or was otherwise misled.

**ANSWER:** **Defendant denies the allegations in Paragraph 25.**

25. That at the time William E. Harris, Jr. executed the withdrawal documents for First Farmers CD Account Nos. 77527 and 78827, he lacked the requisite competency to execute same.

**ANSWER:** **Defendant denies the allegations in Paragraph 26. Defendant avers that William E. Harris, Jr. appeared competent in his interactions with First Farmers.**

### Count III – Claims for Negligence Against First Farmers Bank & Trust Co.

26. Plaintiff, William E. Harris, III, incorporates by reference all of the allegations contained within rhetorical paragraphs 1 through 26, as if fully set out herein.

**ANSWER:** **Defendant incorporates its answers to Paragraphs 1-26 as if fully restated here.**

27. That First Farmers owed a duty of care to William E. Harris, Jr. to exercise care in the administration of the First Farmers CD Account Nos. 77527 and 78827. Further, that this duty extended to plaintiff, William E. Harris, III, on the Pay-On-Death beneficiary of said accounts.

**ANSWER: Defendant denies the allegations in Paragraph 28.**

28. That the defendant, First Farmers, breached its duties in one or more of the following ways:

   a. In failing to comply with its own policies and procedures and well-established standards in the banking industry to verify accuracy and validity of the withdrawal instructions and/or the withdrawal signature for and upon the CDs;

   b. In failing to determine if William Edward Harris Jr. possessed the sufficient competency and capacity required to make a decision regarding the closing of the CD Account Nos. 77527 and 78827 and the withdrawal of the funds contained therein;

   c. In failing to require the instructions of a validly appointed attorney-in-fact under a durable power of attorney, or the appointment of a guardian and/or a Court order before closing said CD Account Nos. 77527 and 78827 and placing such funds under the control of the defendant, Carol Rose Harris; and

   d. In proceeding with the withdrawal of funds from CD Account Nos. 77527 and 78827, when it knew or should have reasonably known that William E. Harris, Jr. was under duress, and was being unduly influenced and/or lacked the capacity to execute the withdrawal documents and/or undertake the closing of said accounts.

**ANSWER: Defendant denies the allegations in Paragraph 29, subparagraphs a – d. Defendant avers that William E. Harris, Jr. appeared competent in his interactions with First Farmers.**

29. That as a proximate result of the negligent act and omissions of First Farmers, plaintiff, William E. Harris, III, has been damaged.

**ANSWER: Defendant denies the allegations in Paragraph 30.**

### Count IV – Breach of Contract by First Farmers

30. Plaintiff, William E. Harris, III, incorporates by reference all of the allegations contained within rhetorical paragraphs 1 through 30, as if fully set forth herein.

**ANSWER: Defendant incorporates its answers to Paragraphs 1-30 as if fully restated here.**

31. That First Farmers CD Account Nos. 77527 and 78827 constituted a contract by and between First Farmers and William E. Harris, Jr. Further, that plaintiff, William E. Harris, III, is and was a third party beneficiary thereto as the Pay-On-Death beneficiary for said CDs.

**ANSWER: Defendant admits that the Certificates of Deposit 77527 and 78827 were contracts between Defendant and William E. Harris, Jr. Defendant denies that William E. Harris III was a third-party beneficiary to the Certificates of Deposit 77527 and 78828, both which were closed by William E. Harris Jr. before he died.**

32. That First Farmers breached its contractual duties and obligations owed to William E. Harris, Jr., and therefore to the third party beneficiary, William E. Harris, III, which breaches include, but are not limited to, the closing of said CD Accounts and the withdrawal of funds therefrom, without properly verifying the

withdrawal instructions and/or signatures, without requiring instructions from a validly appointed attorney-in-fact or guardian, and in doing so when the account holder, William E. Harris, Jr. lacked the competency to undertake such transactions.

**ANSWER: Defendant denies that William E. Harris III was a third-party beneficiary to the Certificates of Deposit 77527 and 78827, both of which were closed by William E. Harris, Jr. before he died. Defendant denies each and every other allegation in Paragraph 33.**

33. That as a result of the breaches of contract by First Farmers, plaintiff, William E. Harris, III, as third party beneficiary, has been damages.

**ANSWER: Defendant denies the allegation in Paragraph 34.**

WHEREFORE, Defendant First Farmers, by counsel, respectfully request that Plaintiff take nothing by way of his Complaint, that judgment be entered in favor of First Farmers and against Plaintiff, that the Court award First Farmers its costs (including attorneys' fees and expenses), and that the Court award First Farmers all other proper relief.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and/or general defenses:

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff lacks standing and/or is not the real party in interest.

15

3. Plaintiff's claims are barred because Plaintiff has unclean hands.

4. Plaintiff's claims are barred by the doctrines of estoppel or waiver.

5. Plaintiff's claim is barred because his damages, if any, were not proximately caused by any alleged act or omission of Defendant.

6. Any damages allegedly suffered by Plaintiff were caused by superseding and/or intervening causes of which Defendant are not culpable.

7. Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

8. Any damages suffered by Plaintiff were caused by the fault of Plaintiff and Carol Rose Harris, to whom fault should be apportioned.

9. As discovery and investigation is ongoing, Defendant reserves the right to revise, amend or supplement these Additional Defenses as further information becomes known.

WHEREFORE, Defendant, by counsel, respectfully requests that Plaintiff take nothing by way of its Complaint, that judgment be entered in favor of Defendant and against Plaintiff, that the Court award Defendant its costs (including Defendant's attorneys' fees and expenses), and that the Court award Defendant all other proper relief.

Respectfully submitted,

*s/ Andrew W. Hull*
Andrew W. Hull (11218-49)
awhull@hooverhullturner.com
Kathleen A. Watson (32018-49)
kwatson@hooverhullturner.com
HOOVER HULL TURNER LLP
111 Monument Circle, Suite 4400
P.O. Box 44989
Indianapolis, IN 46244-0989
Phone: (317) 822-4400
Fax: (317) 822-0234

Counsel for Defendant,
First Farmers Bank & Trust Co.

1097535